IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHATIKA R. SMITH )
)
v. ) NO. 3-11-0929
) JUDGE CAMPBELL
METROPOLITAN NASHVILLE )
HOSPITAL AUTHORITY )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 20). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff's Complaint against her former employer, Defendant Metropolitan Nashville Hospital Authority ("MHA"), alleges that Defendant hired Plaintiff in 2007 as a phlebotomist and specimen processor at Nashville General Hospital. Plaintiff asserts that she was notified on June 10, 2010, that a disciplinary hearing would be held to review her conduct related to (1) failure to perform official duty; (2) failure to display professional behavior; and (3) patient safety and infection control.

Sandra Birner was the hearing officer who presided over Plaintiff's disciplinary hearing. Plaintiff does not allege that Ms. Birner discriminated against her because of her race. After the hearing, Ms. Birner recommended that Plaintiff be terminated immediately. Plaintiff appealed the termination to the Hospital Authority's CEO, Jason Boyd. Another hearing was held, before Mr. Boyd, at which Plaintiff was permitted to speak. Mr. Boyd upheld the decision to fire Plaintiff. Plaintiff does not allege that Mr. Boyd discriminated against her because of her race.

Plaintiff's Complaint alleges that Plaintiff was fired because of her race, African-American, in violation of Title VII and the Tennessee Human Rights Act ("THRA"). Defendant has moved for summary judgment on all claims.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

DISCUSSION

Plaintiff has conceded that her THRA claim is time-barred. Accordingly, Plaintiff's THRA claim is dismissed.

Title VII makes it an unlawful employment practice for an employer to discriminate against any individual because of that individual's race. 42 U.S.C. § 2000e-2(a)(1); *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 390 (6th Cir. 2009). In the absence of direct evidence of discrimination, Title VII claims are subject to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817 (1973).

Under this framework, Plaintiff must submit evidence from which a reasonable jury could conclude both that she has established a *prima facie* case of discrimination and that Defendant's legitimate, nondiscriminatory reason for its action is pretext for unlawful discrimination. *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir. 2007). To establish a *prima facie* case, Plaintiff must show that (1) she is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or similarly situated non-protected employees were treated more favorably. *Id.*

Once a plaintiff has established a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, the burden returns to the plaintiff to show that the defendant's reason was a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Throughout this burden-shifting approach, the plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Id.*

Defendant contends that Plaintiff cannot establish a *prima facie* claim of racial discrimination under Title VII's burden-shifting test because she cannot identify a similarly-situated individual who was treated differently from her for the same misconduct. Defendant argues that Plaintiff had a lengthy disciplinary history and has not shown that any person of a different race was similarly situated in that regard and treated differently. Plaintiff argues that Caucasian employees were allowed to not wear their lab coats (one of the things for which Plaintiff was criticized) and were not disciplined. Failure to wear her lab coat was not the only thing for which she was fired, however.

The person who recommended that Plaintiff be fired, Ms. Birner, testified that she made the independent decision to terminate Plaintiff's employment because Plaintiff was a potential threat to patient safety. Specifically, Ms. Birner testified that Plaintiff's repeated mislabeling of lab specimens, her mishandling of a telephone call from Vanderbilt University Medical Center, and her inadvertently sticking a patient with a used needle on more than one occasion led her to believe that Plaintiff should be fired. Docket No. 24. Plaintiff does not dispute that Ms. Birner reviewed Plaintiff's personnel file and disciplinary history and listened to Plaintiff's testimony before recommending Plaintiff's termination.

Moreover, as indicated above, Plaintiff does not allege that Ms. Birner (who made the decision) or Mr. Boyd, to whom Plaintiff appealed the decision, discriminated against her. Plaintiff believes that the racial discrimination came from Mr. Hatfield, her supervisor, who disciplined Plaintiff, according to Plaintiff, many times. Plaintiff contends that had Mr. Hatfield not placed these violations into her disciplinary history, there might never have been a hearing at all.

4

The disciplinary documents from Plaintiff's personnel file, attached to the Declaration of Deborah Tullos (Docket No. 23), reflect that only one disciplinary document is signed by Mr. Hatfield. Ms. Birner testified that Mr. Hatfield had no input into her decision to terminate Plaintiff's employment. Docket No. 24.

Ms. Tullos, Employee Relations Manager of MHA, testified that no other employee with a similar disciplinary history to that of Plaintiff is still employed at MHA. Docket No. 23. Plaintiff has not offered evidence to show otherwise. Plaintiff bears the burden to show that similarly situated employees were treated differently, which she has not done.

Accordingly, Plaintiff has not established a *prima facie* claim of racial discrimination against Defendant, and Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE